In re INTERNATIONAL COINS & CURRENCY, INC., Debtor.

INTERNATIONAL COINS & CURRENCY, INC., Plaintiff,

v.

BUCKNELL PRESS, INC., Defendant.

Bankruptcy No. 81–00023.
Adv. No. 81–0060.

United States Bankruptcy Court, D. Vermont.

June 11, 1982.

Peter B. Brittin, Montpelier, Vt., for plaintiff, Intern. Coins & Currency, Inc.

Denise J. Deschenes, and Leo A. Bisson, Jr., St. Johnsbury, Vt., for defendant, Bucknell Press, Inc.

Joseph C. Palmisano, Barre, Vt., for Chittenden Trust Co.

## MEMORANDUM AND ORDER AS TO SUMMARY JUDGMENT

CHARLES J. MARRO, Bankruptcy Judge.

The Debtor as Plaintiff commenced an adversary proceeding against the Defendant by a Complaint filed March 27, 1981 to recover a preference in the aggregate sum of $55,000.00 pursuant to § 547(b) of the Bankruptcy Code. The amount claimed represents alleged preferential payments made by the Defendant to the Plaintiff for the period from November 21, 1980 through February 2, 1981, which is within 90 days next preceding the filing of its Petition for Relief under Chapter 11, which occurred on February 9, 1981.

The Defendant filed an Answer on June 2, 1981 which, in effect, was a general denial and included four Affirmative Defenses. On March 23, 1982 the Plaintiff filed its Motion for Summary Judgment and the Defendant filed a Motion in opposition on April 5, 1982. Both Motions were heard on June 2, 1982 and Memoranda of Law in support of the relative positions of the Plaintiff and Defendant have been filed.

The Plaintiff's Motion is predicated on Rule 56 of the Federal Rules of Civil Procedure of which sub-paragraph (a) reads as follows:

"(a) For Claimant. A party seeking to recover upon a claim, counterclaim, or cross-claim or to obtain a declaratory judgment may, at any time after the

expiration of 20 days from the commencement of the action or after service of a motion for summary judgment by the adverse party, move with or without supporting affidavits for a summary judgment in his favor upon all or any part thereof."

Under paragraph (e) of this Rule the supporting and opposing affidavits shall be made on personal knowledge which shall set forth such facts as would be admissible in evidence and which shall show affirmatively that the affiant is competent to testify to the matters stated therein.

The Plaintiff in its Memorandum in support of its Motion for Summary Judgment has attached the Affidavit of Cornelius D. Hogan, president and chief executive officer of the Plaintiff, in which he swears that from September 1, 1980 until the Debtor filed its Petition for corporate reorganization on February 9, 1981, it was unable to pay its debts as they became due and that it had suffered such heavy losses that the company's assets were of insufficient value to meet its liabilities. It would appear that these statements are based on financial data which Affiant Hogan must have obtained from the accountant of the Plaintiff Debtor and, therefore, they were not made on personal knowledge and that Hogan is not competent to testify upon those matters. This Affidavit under which the Plaintiff seeks to establish insolvency as one of the requirements for the avoidance of the alleged preference does not come within the scope of Rule 56(e) and for that reason should not be considered in support of the Motion for Summary Judgment.

Under paragraph (c) of Rule 56 the Summary Judgment sought by the Plaintiff shall be rendered if the pleadings, depositions, answers to the interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

An examination of the pleadings and all of the documents in support of the Plaintiff's Motion as well as of the Memorandum of Law filed by the Defendant clearly indicates that there are at least two genuine issues as to material facts which must be determined before summary judgment may be granted. In the first place, although there is a presumption of insolvency in favor of the Plaintiff, it is subject to rebuttal by the Defendant and it cannot be determined without the introduction of the necessary evidence. Then again, before the Plaintiff would be entitled to avoidance of the alleged preference it must show that the Defendant as a creditor would receive more from the payments made on antecedent debts than it would receive if the case were one under Chapter 7 of liquidation and the transfer had not been made. This is an issue which requires the introduction of testimony for determination by the Court.

From the pleadings, the representations of counsel, and the Memoranda submitted by the parties, it does appear without substantial controversy that the Plaintiff-Debtor did make payments aggregating $55,000.00 during the 90-day preference period on antecedent debts of which the sum of $2,627.00 the Plaintiff concedes is not a preference since it represents payments for value received at the time that they were made. These payments will require no proof at the hearing.

### ORDER

Now, therefore, upon the foregoing,

IT IS ORDERED that the Motion of the Plaintiff for Summary Judgment is DENIED.